IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROOSEVELT WASHINGTON**                                                          **PETITIONER**

**V.**                                                            **Case No. 5:23-cv-00044-KS-BWR**

**BRAND HUFFMAN**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed *pro se* by Petitioner Roosevelt Washington (Petitioner). Respondent Brand Huffman (Respondent) filed a Motion [10] to Dismiss. Petitioner responded and Respondent replied to this response. Pet'r's Resp. [12]; Resp't's Reply [14]. For the reasons set forth below, Respondent's Motion [10] to Dismiss should be granted and Petitioner's Motion [13] to Amend/Correct Petition [1] for Writ of Habeas Corpus denied.

I.   BACKGROUND

On December 16, 1994, a Lincoln County grand jury indicted Petitioner as a habitual offender for armed robbery and burglary of an inhabited dwelling. Ex. [11-1] at 11-20. These were two counts out of a six-count indictment. *Id.* The court severed the indictment into two separate trials. *Id.* at 27-29, 55. One of these trials addressed Petitioner's armed robbery and burglary of an inhabited dwelling charges.[1] *Id.* at 55. In that trial, on June 29, 1995, a jury convicted Petitioner of armed robbery and

---

[1] Petitioner does not challenge the trial outcome on the other four charges nor is that outcome relevant here.

1

burglary of an inhabited dwelling. *Id.* at 59-61. The Circuit Court of Lincoln County, Mississippi, sentenced Petitioner to forty-five years for the armed robbery conviction and fifteen years for the burglary of an inhabited dwelling conviction on June 30, 1995. *Id.* at 64. The court convicted Petitioner as a habitual offender and Petitioner's sentences were set to run consecutively in the custody of the Mississippi Department of Corrections (MDOC). *Id.*

Petitioner, *pro se*, filed a Motion for Out-of-Time Appeal in the Circuit Court of Lincoln County on February 19, 1998. Ex. [11-2] at 9-13. The court granted Petitioner's Motion for Out-of-Time Appeal on March 11, 1999. *Id.* at 115-117. Petitioner was then able to appeal his conviction and sentence to the Mississippi Supreme Court. *See Washington v. State*, 800 So. 2d 1140 (Miss. 2001). The Mississippi Supreme Court rejected each of Petitioner's six assignments of error as meritless on October 11, 2001. *Id.* at 1148. The Mississippi Supreme Court also denied Petitioner's motion for rehearing on December 13, 2001. Ex. [11-6] at 512.

On January 8, 2002, Petitioner submitted a Motion for Post-Conviction Collateral Relief (PCR motion) challenging his June 1995 conviction and sentence. Ex. [11-7] at 48-55. The Mississippi Supreme Court denied this PCR motion on August 21, 2002. *Id.* at 3.

On July 17, 2003, Petitioner submitted a federal habeas petition challenging his June 29, 1995 conviction. *Washington v. Wilson*, 3:03-cv-00900-TSL-JCS, Pet. [1] (S.D. Miss. July 17, 2003). The court dismissed that petition on September 23, 2008. *Id.* at Order [65] & Judgment [66]. Petitioner then motioned for a certificate of

2

appealability and the Fifth Circuit Court of Appeals denied that motion. *Id.* at Pet'r's Mot. [78]; [81]; Order [90]. Petitioner next petitioned for a writ of certiorari, which the United States Supreme Court denied on November 15, 2010. *Washington v. Wilson*, 562 U.S. 1048 (2010).

Petitioner filed a second PCR motion on March 17, 2004. Ex. [11-8] at 7-13. The Mississippi Supreme Court denied the second PCR motion on July 30, 2004 as a successive application. *Id.* at 2. Petitioner then filed a Motion to Inspect Grand Jury Minutes on November 2, 2011. Ex. [11-10] at 12-15. The circuit court, interpreting Petitioner's motion as a third PCR motion, dismissed and Petitioner appealed. *Id.* at 16-17; *Washington v. State*, 115 So. 3d 861 (Miss. Ct. App. 2013). The Mississippi Court of Appeals affirmed this dismissal. *Washington*, 115 So. 3d at 863.

Yet again, Petitioner filed a PCR motion on June 22, 2022. Ex. [11-14] at 13-22. In this fourth PCR motion, Petitioner, for the first time, challenged the trial court's decision to sentence him as a habitual offender. *Id.* at 16. The Mississippi Supreme Court denied Petitioner's fourth PCR motion because it was "subject to the time bar and is successive." *Id.* at 229. Although Petitioner petitioned for a writ of certiorari, the United States Supreme Court denied the petition on March 27, 2023. *Id.* at 51.

In the Petition [1] now before the Court, Petitioner raises one ground for relief. Petitioner argues that it was "plain error on the part of the trial court" when the trial court violated "Petitioner's due process rights in imposing a habitual sentence." Pet. [1] at 5; Pet'r's Mem. [2]. Petitioner's argument is premised on the prosecution's

3

failure to prove that Petitioner was a habitual offender through admissible evidence. Pet'r's Mem. [2]. In response, Respondent has filed a Motion [10] to Dismiss because Petitioner's Petition [1] is successive and time barred. Resp't's Mot. [10]. Petitioner claims that his Petition [1] is not successive because it presents an issue that Petitioner has not raised before and because the Court denied Petitioner's first petition on grounds other than the merits of the petition. Pet'r's Resp. [12] at 2-3. Petitioner further avers that his Petition is not time barred because the "one-year limitation is tolled while a properly filed application for state post-conviction or other collateral review is pending." *Id.* at 3-4. Petitioner also argues that "no reasonable factfinder would find [Petitioner] guilty of the offense." *Id.* at 2-3.

## II. DISCUSSION

1. Petitioner's federal habeas petition is successive

A petitioner who files a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) (first citing 28 U.S.C. § 2244(b)(3)(A); then *Burton v. Stewart*, 549 U.S. 147, 153 (2007); and then *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

The Fifth Circuit defines "a 'second or successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'"

4

*Id.* at 220 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Petitioner's claims here could have been raised in his earlier federal petition. His petition is therefore successive under § 2244(b)(3)(A) and requires prior authorization. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008).

Because Petitioner has not demonstrated he has received authorization from the Fifth Circuit to file this successive Petition, his Petition is not properly before this Court. But in the interest of justice, the Court can transfer this matter to the Fifth Circuit to determine whether this successive Petition should be permitted. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997); *see also* 28 U.S.C. § 1631. The Court should not do so because the applicable statute of limitations, as explained in the next section, bars Petitioner's claims.

2. <u>The Antiterrorism and Effective Death Penalty Act of 1996's statute of limitations bars Petitioner's suit</u>

   a. *Applicable law*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for postconviction relief is pending in state court. *See Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019). "Additionally, a court may equitably toll limitations if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Under 28 U.S.C. § 2244(d)(2), a motion is only "properly filed" if "its delivery and acceptance are in compliance with the applicable laws and rules governing

filings." *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020) (internal quotations omitted) (quoting *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)). Properly filed motions do not include those filed after the federal habeas limitations period has expired. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

b. *Analysis*

   i. **Petitioner's federal habeas petition is untimely**

Petitioner was convicted on June 29, 1995 and sentenced the following day. Ex. [11-1] at 59-61, 64. The Mississippi Supreme Court affirmed on October 11, 2001 and denied rehearing on December 13, 2001. *Washington*, 800 So. 2d at 1148; Ex. [11-6] at 512. Petitioner's conviction and sentence became final ninety days after the Mississippi Supreme Court denied rehearing (when the time for seeking a writ of certiorari in the United States Supreme Court expired). *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13. Petitioner's conviction and sentence became final on March 13, 2002 (December 13, 2001 plus ninety days). Absent statutory or equitable tolling, Petitioner had one year from March 13, 2002, or until March 13, 2003, to file a § 2254 petition challenging his conviction and sentence.

   ii. **Petitioner is entitled to 226 days of statutory tolling**

Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he timely filed a PCR Motion in the Mississippi Supreme Court on January 8, 2002. Ex. [11-7] at 48-55. The Mississippi Supreme Court denied this PCR Motion on August 21, 2002. *Id.* at 3. Petitioner is entitled to statutory tolling for the time period

7

between January 8, 2002 and August 21, 2002 (226 days). 28 U.S.C. § 2244(d)(2). With statutory tolling, Petitioner's statute of limitations to challenge his June 1995 conviction and sentence expired on October 25, 2003 (March 13, 2003 plus 226 days). 28 U.S.C. § 2254(d)(2).

Petitioner filed each PCR Motion after his first outside of this time frame. The three state PCR motions filed after Petitioner's first were therefore untimely and do not add to Petitioner's statutory tolling period. *Wion*, 567 F.3d at 148 (citing *Scott*, 227 F.3d at 263). And Petitioner's first federal habeas petition, which was timely, also does not add to Petitioner's statutory tolling period. *Duncan v. Walker*, 533 U.S. 167, 173 (2001).

### iii. Petitioner is not entitled to equitable tolling

Petitioner is not entitled to equitable tolling. "[E]quitable tolling of AEDPA's one-year limitations period is available only in rare and exceptional circumstances," and "[i]t applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (first quoting *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); then *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006)). The decision whether to grant or deny equitable tolling is left to the district court's discretion and requires the court to "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d

8

710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)); *Jackson*, 933 F.3d at 410. "The petitioner bears the burden of proof concerning equitable tolling." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)).

Petitioner has not met his burden of proof and proves neither rare nor exceptional circumstances. Additionally, Petitioner cannot show that he "pursu[ed] his rights diligently." *Jackson*, 933 F.3d at 410. Petitioner's current petition for federal habeas relief comes approximately 21 years after the Mississippi Supreme Court affirmed Petitioner's conviction and sentence. Pet. [1]; *Washington*, 800 So. 2d 1140. Simply put, when a Petitioner files a federal habeas petition based on a conviction and sentence finalized over 20 years ago, the Petitioner has not shown the diligence required to benefit from equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Morgan v. Streeter*, No. 4:11-cv-150-HTW-LRA, 2012 WL 3096680, at *2 (S.D. Miss. June 20, 2012), *R. & R. adopted,* No. 4:11-cv-150-HTW-LRA, 2012 WL 3078269 (S.D. Miss. July 30, 2012); *Carroll v. Mississippi Dep't of Corr.*, No. 3:12-cv-240-HTW-LRA, 2013 WL 396006, at *2 (S.D. Miss. Jan. 8, 2013), *R. & R. adopted*, No. 3:12-cv-240-HTW-LRA, 2013 WL 395989 (S.D. Miss. Jan. 31, 2013).

Petitioner's efforts here lack diligence. As detailed above, Petitioner filed a timely PCR Motion in state court and a timely PCR Motion in federal court. Ex. [11-7] at 48-55; *Washington*, 3:03-cv-00900-TSL-JCS, Pet. [1]. After the Mississippi Supreme Court denied Petitioner's first PCR Motion on August 21, 2002, Petitioner

9

waited until March 17, 2004 to file his next, which the Court dismissed on July 30, 2004. Ex. [11-7] at 3; Ex. [11-8] at 2, 7-13. After this dismissal, Petitioner waited about 7 years to bring his third PCR Motion. Ex. [11-10] at 12-17. And after the Mississippi Court of Appeals affirmed the trial court's dismissal of this third PCR Motion in 2013, Petitioner's fourth PCR Motion came in 2022. *Washington*, 115 So. 3d at 863; Ex. [11-14] at 13-22. The Petition now before the Court was filed on May 10, 2023. Pet. [1]. The gaps in between each filing evidence Petitioner's lack of diligence. *Melancon*, 259 F.3d at 408; *Morgan*, 2012 WL 3096680, at *2; *Carroll*, 2013 WL 396006, at *2.

Petitioner is not entitled to equitable tolling.

## iv. Petitioner does not state a valid actual innocence claim

Petitioner raises an actual innocence claim. Pet'r's Resp. [12] at 2-3. Habeas relief is not granted based solely on actual innocence. Actual innocence only enables a petitioner to proceed on the merits of their otherwise time-barred habeas claims. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To succeed, Petitioner must show that "new reliable evidence" exists and that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Petitioner did not raise any actual innocence claim in his Petition or supporting memorandum. Pet. [1]; Pet'r's Mem. [2]. In these proceedings, Petitioner first made his actual innocence argument in response to Respondents' Motion to Dismiss. Pet. [1]; Pet'r's Mem. [2]; Pet'r's Resp. [12] at 2-3. The argument is one sentence: "[Petitioner] submits that the facts underlying the claims submitted . . . will show . . . that—but for the constitutional error(s), no reasonable factfinder would find [Petitioner] guilty of the offense." Pet'r's Resp. [12] at 2-3. Petitioner fails to state a valid actual innocence claim because he does not cite any "new reliable evidence." *Schlup*, 513 U.S. at 299. Nor does the Court find any new reliable evidence in the record. Therefore Petitioner's actual innocence claim does not allow this Court to reach the merits of Petitioner's time-barred claims.

If Petitioner is raising actual innocence as an independent ground for federal habeas relief, then Petitioner's claim is successive and time-barred like his other claims. Petitioner also did not assert an actual innocence claim in his Petition. Pet. [1]. And Petitioner already raised actual innocence as a ground for relief in his previous federal habeas Petition. *Washington*, 3:03-cv-00900-TSL-JCS, Am. Pet. [41] at 4. This Court rejected Petitioner's actual innocence argument then as procedurally barred for failure to exhaust state court remedies. R. & R. [59] at 9; Order [65]. Since Petitioner did not raise actual innocence in his only timely state PCR Motion, this Court agrees. *See Washington*, 800 So. 2d 1140; § 2244(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

11

### v. Petitioner's illegal sentence argument is without merit

Finally, Petitioner argues that his sentence is "illegal" and that his illegal sentence enables this Court to reach the merits of his Petition. Pet'r's Mem. [2] at 15-16. Petitioner's illegal sentence argument does not exempt him from the statutory tolling period. *Watts v. Williams*, No. 3:20-cv-139-NBB-JMV, 2021 WL 1582775, at *3 (N.D. Miss. Apr. 22, 2021) (first citing *Robinson v. Mississippi*, No. 4:17-cv-145-DMB-DAS, 2019 WL 1307734, at *3 (N.D. Miss. Mar. 22, 2019); then *Williams v. Mississippi*, No. 3:17-cv118-NBB-DAS, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018); and then *Jackson v. Brewer*, No. 2:10-cv-85-WAP-JAD, 2010 WL 4531386, at *1 (N.D. Miss. Oct. 14, 2010), *R. & R. adopted*, 2010 WL 4531385 (N.D. Miss. Nov. 2, 2010)); *Johnson v. Hall*, No. 3:19-cv-567-TSL-MTP, 2020 WL 4590023, at *2 (S.D. Miss. June 26, 2020) (first citing *Jackson*, 2010 WL 4531386, at *1; then *Williams*, 2018 WL 312870, at *3), *R. & R. adopted*, 2020 WL 4587006 (S.D. Miss. Aug. 10, 2020).

3. <u>Petitioner's Motion [13] to File a Supplemental Brief should be denied as futile</u>

Petitioner should not be allowed to add new claims or new arguments because adding them would be futile for one reason: all of Petitioner's claims related to his June 1995 conviction and sentence are time-barred. *See supra* at pp. 7-11. Adding time-barred claims is futile. *United States v. Gonzales*, 592 F.3d 675, 681 (5th Cir. 2009).

4. <u>Conclusion</u>

The AEDPA statute of limitation bars the Petition now before the Court. This

time-barred Petition is also successive. Because the Petition is time-barred and successive, the Court should not transfer the matter to the Fifth Circuit for it to determine whether this successive Petition should be permitted. The Court recommends the Petition's dismissal. Since Petitioner's claims related to his June 1995 conviction and sentence are time-barred, the Court should deny Petitioner's Motion [13] to Amend/Correct Petition [1] for Writ of Habeas Corpus.

### III. RECOMMENDATION

Respondent's Motion to Dismiss [10] should be granted and Petitioner's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus dismissed with prejudice as time barred under 28 U.S.C. § 2244(d). The Petition [1] is time-barred and should not be referred to the Fifth Circuit. The Court should also deny Petitioner's Motion [13] to Amend/Correct Petition [1] for Writ of Habeas Corpus as futile.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. CIV. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 9th day of November, 2023.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE