IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROOSEVELT WASHINGTON**                                                                **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 5:23-cv-044-KS-BWR**

**BRAND HUFFMAN**                                                                          **DEFENDANT**

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition [1] filed pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in State custody. The petitioner, Roosevelt Washington "Petitioner" filed pro se and the bases for the petition arise out of a 1995 conviction in the Circuit Court of Lincoln County, Mississippi. Respondent Burl Cain filed a Motion to Dismiss [6] which was responded to by Petitioner [9]. On December 7, 2023, Judge Bradley Rath filed a Report and Recommendation [12]. The Court has reviewed the Report and Recommendation [12] and Respondent's reply to Petitioner's Response to Motion to Dismiss [10]. Judge Rath's R&R went through the law and analysis of the AEDPA. The primary basis for the Motion to Dismiss was that the one-year statute of limitations has expired and that the petition should be dismissed. In addition to going through the counting of the days and the dates for each, Judge Rath went through the requirements for statutory tolling, equitable tolling and request for an evidentiary hearing. He clearly and succinctly stated the reasons that equitable tolling and statutory tolling did not apply and therefore, an evidentiary hearing was not necessary.

In his Response to the Motion to Dismiss, the Petitioner stated some reasons that he claimed delayed his filing of his petition. Judge Rath went through each one and found that it was not sufficient to raise an issue of fact.

## I. BACKGROUND

On December 16, 1994, a Lincoln County grand jury indicted Petitioner as a habitual offender for armed robbery and burglary of an inhabited dwelling. Ex. [11- 1] at 11-20. These were two counts out of a six-count indictment. *Id.* The court severed the indictment into two separate trials. *Id.* at 27-29, 55. One of these trials addressed Petitioner's armed robbery and burglary of an inhabited dwelling charges.[1] *Id.* at 55. In that trial, on June 29, 1995, a jury convicted Petitioner of armed robbery and burglary of an inhabited dwelling. *Id.* at 59-61. The Circuit Court of Lincoln County, Mississippi, sentenced Petitioner to forty-five years for the armed robbery conviction and fifteen years for the burglary of an inhabited dwelling conviction on June 30, 1995. *Id.* at 64. The court convicted Petitioner as a habitual offender and Petitioner's sentences were set to run consecutively in the custody of the Mississippi Department of Corrections (MDOC). *Id.*

Petitioner, *pro se*, filed a Motion for Out-of-Time Appeal in the Circuit Court of Lincoln County on February 19, 1998. Ex. [11-2] at 9-13. The court granted Petitioner's Motion for Out-of-Time Appeal on March 11, 1999. *Id.* at 115-117. Petitioner was then able to appeal his conviction and sentence to the Mississippi Supreme Court. *See Washington v. State*, 800 So. 2d 1140 (Miss. 2001). The Mississippi Supreme Court rejected each of Petitioner's six assignments of error as meritless on October 11, 2001. *Id.* at 1148. The Mississippi Supreme Court also denied Petitioner's motion for rehearing on December 13, 2001. Ex. [11-6] at 512.

On January 8, 2002, Petitioner submitted a Motion for Post-Conviction Collateral Relief (PCR motion) challenging his June 1995 conviction and sentence. Ex. [11-7] at 48-55. The Mississippi Supreme Court denied this PCR motion on August 21, 2002. *Id.* at 3.

On July 17, 2003, Petitioner submitted a federal habeas petition challenging his June 29, 1995, conviction. *Washington v. Wilson*, 3:03-cv-00900-TSL-JCS, Pet. [1] (S.D. Miss. July 17, 2003). The court dismissed that petition on September 23, 2008. *Id.* at Order [65] & Judgment [66]. Petitioner then motioned for a certificate of appealability, and the Fifth Circuit Court of Appeals denied that motion. *Id.* at Pet'r's Mot. [78]; [81]; Order [90]. Petitioner next petitioned for a writ of certiorari, which the United States Supreme Court denied on November 15, 2010. *Washington v. Wilson*, 562 U.S. 1048 (2010).

Petitioner filed a second PCR motion on March 17, 2004. Ex. [11-8] at 7-13. The Mississippi Supreme Court denied the second PCR motion on July 30, 2004, as a successive application. *Id.* at 2. Petitioner then filed a Motion to Inspect Grand Jury Minutes on November 2, 2011. Ex. [11-10] at 12-15. The circuit court, interpreting Petitioner's motion as a third PCR motion, dismissed and Petitioner appealed. *Id.* at 16-17; *Washington v. State*, 115 So. 3d 861 (Miss. Ct. App. 2013). The Mississippi Court of Appeals affirmed this dismissal. *Washington*, 115 So. 3d at 863.

Yet again, Petitioner filed a PCR motion on June 22, 2022. Ex. [11-14] at 13-22. In this fourth PCR motion, Petitioner, for the first time, challenged the trial court's decision to sentence him as a habitual offender. *Id.* at 16. The Mississippi Supreme Court denied Petitioner's fourth PCR motion because it was "subject to the time bar and is successive." *Id.* at 229. Although Petitioner petitioned for a writ of certiorari, the United States Supreme Court denied the petition on March 27, 2023. *Id.* at 51.

In the Petition [1] now before the Court, Petitioner raises one ground for relief. Petitioner argues that it was "plain error on the part of the trial court" when the trial court violated "Petitioner's due process rights in imposing a habitual sentence." Pet. [1] at 5; Pet'r's Mem. [2]. Petitioner's argument is premised on the prosecution's failure to prove that Petitioner was a habitual offender through admissible evidence. Pet'r's Mem. [2]. In response, Respondent has filed a Motion [10] to Dismiss because Petitioner's Petition [1] is successive and time barred. Resp't's Mot. [10]. Petitioner claims that his Petition [1] is not successive because it presents an issue that Petitioner has not raised before and because the Court denied Petitioner's first petition on grounds other than the merits of the petition. Pet'r's Resp. [12] at 2-3. Petitioner further avers that his Petition is not time barred because the "one-year limitation is tolled while a properly filed application for state post-conviction or other collateral review is pending." *Id.* at 3-4. Petitioner also argues that "no reasonable factfinder would find [Petitioner] guilty of the offense." *Id.* at 2-3.

## II.  DISCUSSION

As the background above demonstrates, there are a number of issues that are raised by the Petitioner. Magistrate Judge Rath found things that prevent the Petitioner from being successful. They are as follows:

1. Petitioner's federal habeas petition is successive.
2. The Anti-terrorism and affective Death Penalty Act of 1986's bars the Plaintiff's suit.

Judge Rath cites the applicable law and succinctly states why the 2254 application is barred by the one-year statute of limitations.  He also clearly articulates why equitable tolling does not apply:  while the federal habeas petition is untimely, and the fact Petitioner is only

entitled to 226 days of statutory tolling. He also clearly states why Petitioner is not entitled to equitable tolling.

The petitioner is challenging a conviction over twenty years old, and the facts clearly show that he has not shown diligence sufficient to qualify for equitable tolling.

Petitioner also attempts to raise an actual innocence claim. To do so, Petitioner must show "new reliable evidence" and that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S.C. 298,324, 329 (1995). Petitioner first made his actual innocence argument in response to Respondent's Motion to Dismiss. Judge Rath clearly states why the actual innocence claim is without merit.

The last claim by Petitioner is that his sentence meted out in 1995, was illegal. Petitioner's illegal sentence argument does not exempt him from the statutory tolling period and that all of Petitioner's claims related to the June 1995 conviction and sentence are time barred.

### III.     PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner files fourteen pages of objections (861 Miss). He starts with ineffective assistance of counsel. He then moves on to plain error of the trial court regarding the imposition of the sentence as a habitual offender and moves through his reasoning being allowed to file successive petitions. The main problem that Petitioner has is that the Antiterrorism and Effective Death Penalty Act of 1996bars Petitioner's suit. The one-year period of limitations has clearly run and the objections make no showing of any other legitimate reason for pursuing relief requested by Petitioner that has not been addressed by Judge Rath or the Respondent Huffman in his response [20]. The Court finds that the Petitioner's Objections are without merit.

### IV. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised in the objections. For the reasons set forth above, this Court concludes that Washington's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Bradley Rath's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Roosevelt Washington's claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED, this the  2nd  day of February 2024.

/s/Keith Starrett
SENIOR UNITED STATES DISTRICT JUDGE